UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:25-cv-00617-PLC |
| ANGELES IPA, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented Plaintiff Cedric Greene's Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. [2]. Having reviewed Plaintiff's financial information, the Court finds that he is unable to pay the filing fee in this matter. Accordingly, the Court grants Plaintiff's request and waives the filing fee under 28 U.S.C. § 1915(a)(1). Nevertheless, for the reasons discussed below, the Court dismisses this action for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

**Background**

Plaintiff has filed thirty-six cases in this district since March 5, 2025. Of those, the Court has dismissed at least twenty-four for improper venue or lack of jurisdiction. Several other federal district courts, having experienced similar volumes of filing from Plaintiff, have restricted his ability to file altogether. *See Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 663–67 (10th Cir. 2018) (noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuit Courts, as well as federal district courts in Kansas, Utah, California, and Nevada).

**The Complaint**

Plaintiff brings the present action against Angeles IPA, a healthcare network based in Orange County, California. He alleges that Angeles authorized a referral to a pain specialist who was no longer practicing medicine. When Plaintiff's primary care physician attempted to redirect the referral to another provider, Angeles denied the change. Plaintiff later inquired about the denial and was informed that, due to his "capitated" status, Angeles could not approve the change. Plaintiff alleges that Angeles's "repeated and constant shenanigans" resulted in delayed medical care. He seeks monetary damages.

## Discussion

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. This case does not satisfy any of the statutory venue requirements.

Plaintiff provides a California-based mailing address for himself and also alleges that Angeles is based in California. Further, it appears that all conduct giving rise to this suit occurred in California. Accordingly, the United States District Court for the Central District of California is the only proper venue for this action. Plaintiff does not allege that any act or omission relevant to this case occurred within this district.

Under 28 U.S.C. § 1406(a), if venue is improper, the district court in which the action was filed may either dismiss the action or, if the interests of justice require, transfer it to any district in which it could have been brought. Here, the interests of justice do not warrant

transfer. Plaintiff is a well-known vexatious litigant who has filed hundreds of cases across the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024) (estimating that Plaintiff has filed over 300 cases in federal courts throughout the country). Transfer is not warranted here. *See In re Hall, Bayoutree Assocs.*, 939 F.2d 802, 806 (9th Cir. 1991) (noting dismissal rather than transfer is proper "where filing in an improper forum evidences bad faith"); *LGT Enters., LLC v. Hoffman*, 614 F. Supp. 2d 825, 842 (W.D. Mich. May 14, 2009) (noting interest of justice does not warrant transfer where "the plaintiff brought the case in this district in bad faith or to harass the defendant"). Accordingly, the Court will dismiss this action for improper venue under 28 U.S.C. § 1406(a).

## Conclusion

For the reasons stated above, the Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs and will enter herewith an Order of Dismissal dismissing this action without prejudice for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

Dated this 27th day of June 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE